UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

JAMES FOSTER, an individual

    Plaintiff,

vs.

ERIC VAN CLEEF, an individual, and DS WATERS OF AMERICA, Inc., a Delaware corporation, d/b/a CRYSTAL SPRINGS WATERS, Inc.

    Defendant.

_____/

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, James Foster ("Foster"), by undersigned counsel, files this complaint against Defendants, Eric Van Cleef ("Van Cleef") and DS Waters of America, Inc. d/b/a Crystal Springs Waters, Inc. ("DS") and alleges:

**PARTIES**

1. Plaintiff, Foster is a resident of Florida, and is *sui juris*.

2. Defendant, Van Cleef is a resident of Florida and is *sui juris*.

3. Defendant, DS is a Delaware corporation with its principal address at 5660 New Northside Drive, Suite 500 Atlanta, GA 30328. DS operates its business its business in Florida under the name Crystal Springs Water, Inc ("Crystal Springs"). The Hillsborough County location of Crystal Springs is at 5017 Tampa West Boulevard, Tampa, Florida 33634.

## JURISDICTION AND VENUE

4. Section 4323(b)(3) of Title 38, United States Code, the Employment and Reemployment Rights of Members of the Uniformed Services Act ("USERRA") grants the Court jurisdiction for this action. 38 U.S.C. § 4323(b)(3).

5. The Court has supplemental jurisdiction over Foster's state law claims pursuant to Section 1367 of Title 28, United States Code because the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy". 28 U.S.C. § 1367(a).

6. Venue is proper in this Court under Section 4323(c)(2), Title 38, United States Code as Defendant DS maintains a place of business in Tampa, Florida. 38 U.S.C. § 4323(c)(2).

7. Venue is proper in this Court under Section 4323(c)(2), Title 38, United States Code as Defendant Van Cleef resides in this district. 38 U.S.C. § 4323(c)(2).

8. All conditions precedent to the maintenance of this action have occurred, been performed, excused, or waived.

## BACKGROUND

9. Foster enlisted in the United States Marine Corps reserve on May 20, 2002.

10. On May 22, 2007, Foster was hired by Crystal Springs as a driver by Van Cleef.

11. At the time Foster was hired, Van Cleef was aware of Foster's status as a United States Marine Corps reservist.

12. Throughout Foster's employment at Crystal Springs he was assigned to Route 2446. This Route was, and continues to be, one of the most difficult routes at Crystal Springs.

13. Crystal Springs would compensate Foster at the rate of 10.4% of route earnings for each bi-weekly period. Additionally, Foster would earn $40 for each new customer he

obtained.

14. As a Crystal Springs employee, Foster's first scheduled weekend reserve duty occurred on July 10, 2007. Foster timely notified Van Cleef of this commitment on May 22, 2007.

15. From July 14-29, 2007 Foster participated in his annual reserve training. Foster notified Van Cleef of this commitment seven (7) weeks in advance.

16. Subsequently, Foster attended scheduled weekend reserve duty in (June,) July and September 2007. For each of these months, Foster timely notified Van Cleef of these commitments.

17. During October, 2007, Foster informed Van Cleef the 2008 drill schedule would soon be published; thereby permitting Van Cleef to have advance notice of the entire year's worth of weekend duty.

18. On or about October 29, 2007, Foster provided a copy of the 2008 drill schedule to Van Cleef.

19. Beginning in November, 2007, Van Cleef started to question the legitimacy of Foster's drill commitments.

20. Foster's November, 2007 reserve duty was scheduled for Sunday November 11th and Monday, November 12th.

21. On or about November 9, 2007, Van Cleef stated Foster had to be back at work on Monday, November 12, 2007, regardless of the fact that Foster had concurrent reserve duty. In response to Van Cleef's statement, Foster reminded Van Cleef of his reserve commitment.

22. On Sunday, November 11, 2007, Van Cleef called Foster and threatened him with termination of employment if Foster did not return to work on November 12, 2007.

Foster reminded Van Cleef of his scheduled reserve duty on November 12, 2007 and referred Van Cleef to a more senior Marine in Foster's reserve unit for additional information.

23. On Sunday, November 11, 2007, Van Cleef spoke with Gunnery Sergeant Huffman, who informed Van Cleef of Foster's reserve commitment for the following day.  Van Cleef questioned Gunnery Sergeant Huffman's veracity and again threatened to terminate Foster's employment.

24. Despite Van Cleef's threats, Foster attended the scheduled reserve duty on November 12, 2007.

25. Although Foster was not dismissed in November, 2007, Van Cleef began to treat him in a negative manner in comparison to other employees at Crystal Springs.

26. During December, 2007 Van Cleef informed Foster the delivery route would be modified in 2008.

27. Van Cleef further informed Foster that Foster would not receive an annual performance review because "[it] was unnecessary because [Foster] was still in training".

28. On or about the beginning of January, 2008, Foster's delivery route was changed.  As a result of the change, Foster's route was significantly reduced.

29. On March 3, 2008, Foster informed Van Cleef he would be taking a personal day on March 5, 2008 to prepare for his upcoming reserve duty, which was scheduled from March 8, 2008 until March 9, 2008.  Van Cleef told Foster the personal day would not be a problem.

30. On March 7, 2008, Foster went to work.  While there, Van Cleef informed Foster that "the company was calling into question Foster's excessive drill activity".

31. As a result of Foster's "excessive drill activity" Van Cleef stated Foster was "suspended, pending termination."

32. On March 8, 2008, Van Cleef called Foster and instructed him to come to work on March 10, 2008 so the company could terminate Foster's employment.

33. On March 10, 2008 Crystal Springs terminated Foster's employment.

## COUNT I – AGENCY

34. Foster incorporates paragraphs 1-33 above as if fully set forth herein.

35. At all material times, as Route Operations Manager, Van Cleef had the actual authority to act as DS Waters' agent.

36. Accordingly, Van Cleef represented and conducted himself with this actual authority.

37. DS Waters is vicariously responsible for the actions of its agent, Van Cleef.

WHEREFORE Foster demands judgment for damages in his favor against Defendant, statutory interest, costs, fees and any other relief that this Court deems proper.

## COUNT II – DISCIRMINATORY TERMINATION UNDER USERRA

38. Foster incorporates paragraphs 1-37 above as if fully set forth herein.

39. Beginning in November, 2007 Van Cleef harassed Foster on the basis of Foster's status as a member of the Marine Corps Reserve.

40. Although Foster continued to perform his employment duties in an appropriate and professional manner, Van Cleef singled Foster out for disparate treatment because of Foster's status as a member of the Marine Corps Reserve.

41. Van Cleef's statement on March 7, 2008 that Crystal Springs was "calling into question Foster's excessive drill activity" and that "[Foster] was suspended, pending termination" demonstrates the motivating factor for the company's action was Foster's status as a

member of the Marine Corps Reserve.

42. Section 4311, Title 38, United States Code prohibits an employer from discriminating against military service members on the basis of their status as service members.

43. Van Cleef's statements and conduct demonstrate his discriminatory actions against Foster were willful, wanton, and notorious.

44. Van Cleef's statements and actions, on behalf of DS Waters, violate USERRA.

WHEREFORE Foster demands judgment for damages in his favor against Defendant, statutory interest, costs, fees and any other relief that this Court deems proper.

### COUNT III – VIOLATION OF FLORIDA UNIFORMED MEMBERS SERVICE PROTECTION ACT

45. Foster incorporates paragraphs 1-44 above as if fully set forth herein.

46. Van Cleef's disparate treatment of Foster, on the basis of Foster's status as a military reservist, violates Section 250.481, Florida Statutes (2007).

47. Section 250.481, Florida Statutes (2007) states in relevant part "any person who . . . holds an employment position may not be denied . . . retention in employment, or any promotion or advantage of employment, because of any obligation as a member of a reserve component of the Armed Forces.

48. Van Cleef's conduct demonstrates the motivating factor for his actions against Foster was Foster's obligation as a member of the the United States Marine Corps Reserve.

49. Van Cleef's statements and conduct demonstrate his discriminatory actions against Foster were willful, wanton, and notorious.

50. Van Cleef's statements and actions, on behalf of DS Waters, violate Section 250.481, Florida Statues (2007).

WHEREFORE Foster demands judgment for damages in his favor against Defendants, statutory interest, costs, fees and any other relief that this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Foster, demands trial by jury for all issues as of right.

Respectfully submitted,

By: /s/ A.J. Yolofsky
A.J. Yolofsky
Florida Bar No. 0911321
Joseph A. Yolofsky, P.A.
1430 Brickell Bay Drive #107
Miami, FL 33131-2398
Telephone: +1.786.282.0497
Email: yolofsky@gmail.com

Attorney for Plaintiff, James Foster