UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

James Foster, an individual

     Plaintiff,

v.                                                        Case No. 8:08-cv-1159-T-26EAJ

Eric Van Cleef, an individual, and DS
Waters of America, Inc., a Delaware
Corporation, d/b/a Crystal Springs
Waters, Inc.,

     Defendants.

_____/

## DEFENDANTS' ANSWER AND
## ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

    Defendants ERIC VAN CLEEF and DS WATERS OF AMERICA, INC.,

doing business as Crystal Springs (collectively referred to as "Defendants"), by

their attorney and pursuant to Rules 8 and 12 of the Federal Rules of Civil

Procedure, answer Plaintiff's Complaint as follows:

## PARTIES

## PARAGRAPH NO. 1:

    Plaintiff, Foster is a resident of Florida, and is *sui juris*.

**ANSWER:**

Upon information and belief, Defendants admit the allegations in Paragraph

No. 1 of Plaintiff's Complaint.

**PARAGRAPH NO. 2:**

Defendant, Van Cleef is a resident of Florida and is *sui juris*.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 2 of Plaintiff's

Complaint.

**PARAGRAPH NO. 3:**

Defendant, DS is a Delaware corporation with its principal address at 5660
New Northside Drive, Suite 500 Atlanta, GA 30328.  DS operates its business its
business [*sic*] in Florida under the name Crystal Springs Water, Inc. ("Crystal
Springs").  The Hillsborough County location of Crystal Springs is at 5017 Tampa
West Boulevard, Tampa, Florida 33634.

**ANSWER:**

Defendants state that DS Waters of America, Inc. ("DS Waters") operates its

business in Florida under the name Crystal Springs, improperly named by Plaintiff

as Crystal Springs Water, Inc.  Defendants admit the remaining allegations in

Paragraph No. 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

**PARAGRAPH NO. 4:**

Section 4323(b)(3) of Title 38, United States Code, the Employment and
Reemployment Rights of Members of the Uniformed Services Act ("USERRA")
grants the Court jurisdiction for this action. 38 U.S.C. § 4323(b)(3).

**ANSWER:**

Defendants admit that jurisdiction is proper in this Court, but Defendants deny that they have discriminated against or engaged in any wrongful conduct toward Plaintiff or that Plaintiff is entitled to any relief whatsoever.  Defendants deny the remaining allegations in Paragraph No. 4 of Plaintiff's Complaint.

**PARAGRAPH NO. 5:**

The Court has supplemental jurisdiction over Foster's state law claims pursuant to Section 1367 of Title 28, United States Code because the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy". 28 U.S.C. § 1367(a).

**ANSWER:**

Defendants admit that jurisdiction is proper in this Court and Defendants admit that Plaintiff accurately quotes the contents of 28 U.S.C. § 1367(a), but Defendants deny that they have discriminated against or engaged in any wrongful conduct toward Plaintiff or that Plaintiff is entitled to any relief whatsoever. Defendants deny the remaining allegations in Paragraph No. 5 of Plaintiff's Complaint.

**PARAGRAPH NO. 6:**

Venue is proper in this Court under Section 4323(c)(2), Title 38, United States Code as Defendant DS maintains a place of business in Tampa, Florida. 38 U.S.C. § 4323(c)(2).

**ANSWER:**

Defendants admit that venue is proper in this Court.

**PARAGRAPH NO. 7:**

Venue is proper in this Court under Section 4323(c)(2), Title 38, United States Code as Defendant Van Cleef resides in this district. 38 U.S.C. § 4323(c)(2).

**ANSWER:**

Defendants admit that venue is proper in this Court.

**PARAGRAPH NO. 8:**

All conditions precedent to the maintenance of this action have occurred, been performed, excused, or waived.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 8 of Plaintiff's

Complaint.

**BACKGROUND**

**PARAGRAPH NO. 9:**

Foster enlisted in the United States Marine Corps reserve on May 20, 2002.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the

allegations in Paragraph No. 9 and therefore deny the same.

**PARAGRAPH NO. 10:**

On May 22, 2007, Foster was hired by Crystal Springs as a driver by Van Cleef.

**ANSWER:**

Defendants admit that Plaintiff was employed by Defendant DS Waters on

or about May 21, 2007.  Defendants deny the remaining allegations in Paragraph

No. 10 of Plaintiff's Complaint.

## PARAGRAPH NO. 11:

At the time Foster was hired, Van Cleef was aware of Foster's status as a United States Marine Corps reservist.

## ANSWER:

Defendants admit the allegations in Paragraph No. 11 of Plaintiff's

Complaint.

## PARAGRAPH NO. 12:

Throughout Foster's employment at Crystal Springs he was assigned to Route 2446.  This Route was, and continues to be, one of the most difficult routes at Crystal Springs.

## ANSWER:

Defendants admit that Plaintiff was assigned to Route 2446.  Defendants

deny the remaining allegations in Paragraph No. 12 of Plaintiff's Complaint.

## PARAGRAPH NO. 13:

Crystal Springs would compensate Foster at the rate of 10.4% of route earnings for each bi-weekly period.  Additionally, Foster would earn $40 for each new customer he obtained.

## ANSWER:

Defendants deny the allegations in Paragraph No. 13 of Plaintiff's

Complaint.

**PARAGRAPH NO. 14:**

As a Crystal Springs employee, Foster's first scheduled weekend reserve duty occurred on July 10, 2007.  Foster timely notified Van Cleef of this commitment on May 22, 2007.

**ANSWER:**

Defendants admit that Plaintiff informed Van Cleef that his annual reserve training would occur on or about July 9, 2007 until July 30, 2007.  Defendants admit that Plaintiff informed Van Cleef of this commitment on or about May 21, 2007.  Defendants deny the remaining allegations in Paragraph No. 14 of Plaintiff's Complaint.

**PARAGRAPH NO. 15:**

From July 14-29, 2007 Foster participated in his annual reserve training. Foster notified Van Cleef of this commitment seven (7) weeks in advance.

**ANSWER:**

Defendants admit that Plaintiff informed Van Cleef that he would be attending annual reserve training on or about July 9, 2007 until July 30, 2007. Defendants admit that Plaintiff informed Van Cleef of this commitment on or about May 21, 2007, a date approximately seven (7) weeks in advance of training. Defendants are without information sufficient to form a belief as to the remaining allegations in Paragraph No. 15 and therefore deny the same.

**PARAGRAPH NO. 16:**

Subsequently, Foster attended scheduled weekend reserve duty in (June,) July and September 2007. For each of these months, Foster timely notified Van Cleef of these commitments.

**ANSWER:**

Defendants admit that Plaintiff informed Van Cleef that he would be

attending annual reserve training on or about July 9, 2007 until July 30, 2007.

Defendants are without information sufficient to form a belief as to whether

Plaintiff attended reserve duties in June, July, and September 2007 and therefore

deny the same. Defendants deny the remaining allegations of Paragraph No. 16 of

Plaintiff's Complaint.

**PARAGRAPH NO. 17:**

During October, 2007, Foster informed Van Cleef the 2008 drill schedule would soon be published; thereby permitting Van Cleef to have advance notice of the entire year's worth of weekend duty.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 17 of Plaintiff's

Complaint.

**PARAGRAPH NO. 18:**

On or about October 29, 2007, Foster provided a copy of the 2008 drill schedule to Van Cleef.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 18 of Plaintiff's

Complaint.

**PARAGRAPH NO. 19:**

Beginning in November, 2007, Van Cleef started to question the legitimacy of Foster's drill commitments.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 19 of Plaintiff's

Complaint.

**PARAGRAPH NO. 20:**

Foster's November, 2007 reserve duty was scheduled for Sunday November 11th and Monday, November 12th.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 20 of Plaintiff's

Complaint.

**PARAGRAPH NO. 21:**

On or about November 9, 2007, Van Cleef stated Foster had to be back at work on Monday, November 12, 2007, regardless of the fact that Foster had concurrent reserve duty.  In response to Van Cleef's statement, Foster reminded Van Cleef of his reserve commitment.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 21 of Plaintiff's

Complaint.

**PARAGRAPH NO. 22:**

On Sunday, November 11, 2007, Van Cleef called Foster and threatened him with termination of employment if Foster did not return to work on November 12, 2007.  Foster reminded Van Cleef of his scheduled reserve duty on November 12, 2007 and referred Van Cleef to a more senior Marine in Foster's reserve unit for additional information.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 22 of Plaintiff's

Complaint.

**PARAGRAPH NO. 23:**

On Sunday, November 11, 2007, Van Cleef spoke with Gunnery Sergeant Huffman, who informed Van Cleef of Foster's reserve commitment for the following day.  Van Cleef questioned Gunnery Sergeant Huffman's veracity and again threatened to terminate Foster's employment.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 23 of Plaintiff's

Complaint.

**PARAGRAPH NO. 24:**

Despite Van Cleef's threats, Foster attended the scheduled reserve duty on November 12, 2007.

**ANSWER:**

Defendants are without information sufficient to form a belief as to whether

Plaintiff attended reserve duty on November 12, 2007 and therefore deny the same.

Defendants deny the remaining allegations of Paragraph No. 24 of Plaintiff's

Complaint.

**PARAGRAPH NO. 25:**

Although Foster was not dismissed in November, 2007, Van Cleef began to treat him in a negative manner in comparison to other employees at Crystal Springs.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 25 of Plaintiff's

Complaint.

**PARAGRAPH NO. 26:**

During December, 2007 Van Cleef informed Foster the delivery route would be modified in 2008.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 26 of Plaintiff's

Complaint.

**PARAGRAPH NO. 27:**

Van Cleef further informed Foster that Foster would not receive an annual performance review because "[it] was unnecessary because [Foster] was still in training".

**ANSWER:**

Defendants deny the allegations in Paragraph No. 27 of Plaintiff's

Complaint.

**PARAGRAPH NO. 28:**

On or about the beginning of January, 2008, Foster's delivery route was changed.  As a result of the change, Foster's route was significantly reduced.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 28 of Plaintiff's

Complaint.

**PARAGRAPH NO. 29:**

On March 3, 2008, Foster informed Van Cleef he would be taking a personal day on March 5, 2008 to prepare for his upcoming reserve duty, which was scheduled from March 8, 2008 until March 9, 2008.  Van Cleef told Foster the personal day would not be a problem.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 29 of Plaintiff's

Complaint.

**PARAGRAPH NO. 30:**

On March 7, 2008, Foster went to work.  While there, Van Cleef informed Foster that "the company was calling into question Foster's excessive drill activity".

**ANSWER:**

Defendants deny the allegations in Paragraph No. 30 of Plaintiff's

Complaint.

**PARAGRAPH NO. 31:**

As a result of Foster's "excessive drill activity" Van Cleef stated Foster was "suspended, pending termination."

**ANSWER:**

Defendants deny the allegations in Paragraph No. 31 of Plaintiff's

Complaint.

## PARAGRAPH NO. 32:

On March 8, 2008, Van Cleef called Foster and instructed him to come to work on March 10, 2008 so the company could terminate Foster's employment.

## ANSWER:

Defendants deny the allegations in Paragraph No. 32 of Plaintiff's

Complaint.

## PARAGRAPH NO. 33:

On March 10, 2008 Crystal Springs terminated Foster's employment.

## ANSWER:

Defendants admit that Crystal Springs terminated Plaintiff's employment on

March 10, 2008.

## COUNT I - AGENCY

## PARAGRAPH NO. 34:

Foster incorporates paragraphs 1-33 above as if fully set forth herein.

## ANSWER:

Defendants repeat their answers to Paragraph Nos. 1 through 33 of

Plaintiff's Complaint as their answer to Paragraph No. 34 of Plaintiff's Complaint.

## PARAGRAPH NO. 35:

At all material times, as Route Operations Manager, Van Cleef had the actual authority to act as DS Waters' agent.

## ANSWER:

Defendants state that the allegations contained in Paragraph No. 35 call for a

legal conclusion for which no response is needed.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 35.

## PARAGRAPH NO. 36:

Accordingly, Van Cleef represented and conducted himself with this actual authority.

## ANSWER:

Defendants state that the allegations contained in Paragraph No. 36 call for a legal conclusion for which no response is needed.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 36.

## PARAGRAPH NO. 37:

DS Waters is vicariously responsible for the actions of its agent, Van Cleef.

## ANSWER:

Defendants state that the allegations contained in Paragraph No. 37 call for a legal conclusion for which no response is needed.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 37.

With respect to the allegations in the Complaint at page 5 under the heading "WHEREFORE," Defendants answer as follows:

a.      Defendants deny that Plaintiff is entitled to reinstatement or any relief in any amount on any count of Plaintiff's Complaint;

b.  Defendants deny that Plaintiff is entitled to back pay and fringe benefits or any relief in any amount on any count of Plaintiff's Complaint;

c.  Defendants deny that Plaintiff is entitled to any pre-judgment interest or any relief in any amount on any count in Plaintiff's Complaint;

d.  Defendants deny that Plaintiff is entitled to attorney's fees or any relief in any amount on any count in Plaintiff's Complaint;

e.  Defendants deny that Plaintiff is entitled to costs or any relief in any amount on any count in Plaintiff's Complaint;

f.  Defendants deny that Plaintiff is entitled to punitive damages or any relief in any amount on any count in Plaintiff's Complaint;

g.  Defendants deny that Plaintiff is entitled to compensatory damages or any relief in any amount on any count in Plaintiff's Complaint; and

h.  Defendants deny that Plaintiff is entitled to any legal or equitable relief, injunctive relief or any relief in any amount on any count in Plaintiff's Complaint.

## COUNT II – DISCRIMINATORY TERMINATION UNDER USERRA
## PARAGRAPH NO. 38:

Foster incorporates paragraphs 1-37 above as if fully set forth herein.

**ANSWER:**

Defendants repeat their answers to Paragraph Nos. 1 through 37 of

Plaintiff's Complaint as their answer to Paragraph No. 38 of Plaintiff's Complaint.

**PARAGRAPH NO. 39:**

Beginning in November, 2007 Van Cleef harassed Foster on the basis of Foster's status as a member of the Marine Corps Reserve.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 39 of Plaintiff's

Complaint.

**PARAGRAPH NO. 40:**

Although Foster continued to perform his employment duties in an appropriate and professional manner, Van Cleef singled Foster out for disparate treatment because of Foster's status as a member of the Marine Corps Reserve.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 40 of Plaintiff's

Complaint.

**PARAGRAPH NO. 41:**

Van Cleef's statement on March 7, 2008 that Crystal Springs was "calling into question Foster's excessive drill activity" and that "[Foster] was suspended, pending termination" demonstrates the motivating factor for the company's action was Foster's status as a member of the Marine Corps Reserve.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 41 of Plaintiff's

Complaint.

**PARAGRAPH NO. 42:**

Section 4311, Title 38, United States Code prohibits an employer from discriminating against military service members on the basis of their status as service members.

**ANSWER:**

Defendants state that the contents of 38 U.S.C. § 4311 speak for themselves,

but Defendants deny that they have discriminated against or engaged in any

wrongful conduct toward Plaintiff or that Plaintiff is entitled to any relief

whatsoever.

**PARAGRAPH NO. 43:**

Van Cleef's statements and conduct demonstrate his discriminatory actions against Foster were willful, wanton, and notorious.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 43 of Plaintiff's

Complaint.

**PARAGRAPH NO. 44:**

Van Cleef's statements and actions, on behalf of DS Waters, violate USERRA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 44 of Plaintiff's

Complaint.

With respect to the allegations in the Complaint at page 6 under the heading "WHEREFORE," Defendants answer as follows:

a.  Defendants deny that Plaintiff is entitled to reinstatement or any relief in any amount on any count of Plaintiff's Complaint;

b.  Defendants deny that Plaintiff is entitled to back pay and fringe benefits or any relief in any amount on any count of Plaintiff's Complaint;

c.  Defendants deny that Plaintiff is entitled to any pre-judgment interest or any relief in any amount on any count in Plaintiff's Complaint;

d.  Defendants deny that Plaintiff is entitled to attorney's fees or any relief in any amount on any count in Plaintiff's Complaint;

e.  Defendants deny that Plaintiff is entitled to costs or any relief in any amount on any count in Plaintiff's Complaint;

f.  Defendants deny that Plaintiff is entitled to punitive damages or any relief in any amount on any count in Plaintiff's Complaint;

g.  Defendants deny that Plaintiff is entitled to compensatory damages or any relief in any amount on any count in Plaintiff's Complaint; and

h.  Defendants deny that Plaintiff is entitled to any legal or equitable relief, injunctive relief or any relief in any amount on any count in Plaintiff's Complaint.

## COUNT III – VIOLATION OF FLORIDA UNIFORMED MEMBERS OF SERVICE PROTECTION ACT

**PARAGRAPH NO. 45:**

Foster incorporates paragraphs 1-44 above as if fully set forth herein.

**ANSWER:**

Defendants repeat their answers to Paragraph Nos. 1 through 44 of

Plaintiff's Complaint as their answer to Paragraph No. 45 of Plaintiff's Complaint.

**PARAGRAPH NO. 46:**

Van Cleef's disparate treatment of Foster, on the basis of Foster's status as a military reservist, violates Section 250.481, Florida Statutes (2007).

**ANSWER:**

Defendants deny the allegations in Paragraph No. 46 of Plaintiff's

Complaint.

**PARAGRAPH NO. 47:**

Section 250.481, Florida Statutes (2007) states in relevant part "any person who . . . holds an employment position may not be denied . . . retention in employment, or any promotion or advantage of employment, because of any obligation as a member of a reserve component of the Armed Forces.

**ANSWER:**

Defendants admit that Plaintiff accurately quotes the contents of Fla. Stat. §

250.481, but Defendants deny that they have discriminated against or engaged in

any wrongful conduct toward Plaintiff or that Plaintiff is entitled to any relief

whatsoever.

**PARAGRAPH NO. 48:**

Van Cleef's conduct demonstrates the motivating factor for his actions against Foster was Foster's obligation as a member of the the [*sic*] United States Marine Corps Reserve.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 48 of Plaintiff's

Complaint.

**PARAGRAPH NO. 49:**

Van Cleef's statements and conduct demonstrate his discriminatory actions against Foster were willful, wanton, and notorious.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 49 of Plaintiff's

Complaint.

**PARAGRAPH NO. 50:**

Van Cleef's statements and actions, on behalf of DS Waters, violate Section 250.481, Florida Statues (2007).

**ANSWER:**

Defendants deny the allegations in Paragraph No. 50 of Plaintiff's

Complaint.

With respect to the allegations in the Complaint at page 7 under the heading

"WHEREFORE," Defendants answer as follows:

    a.    Defendants deny that Plaintiff is entitled to reinstatement or any relief

           in any amount on any count of Plaintiff's Complaint;

19

b.      Defendants deny that Plaintiff is entitled to back pay and fringe
benefits or any relief in any amount on any count of Plaintiff's
Complaint;

c.      Defendants deny that Plaintiff is entitled to any pre-judgment interest
or any relief in any amount on any count in Plaintiff's Complaint;

d.      Defendants deny that Plaintiff is entitled to attorney's fees or any
relief in any amount on any count in Plaintiff's Complaint;

e.      Defendants deny that Plaintiff is entitled to costs or any relief in any
amount on any count in Plaintiff's Complaint;

f.      Defendants deny that Plaintiff is entitled to punitive damages or any
relief in any amount on any count in Plaintiff's Complaint;

g.      Defendants deny that Plaintiff is entitled to compensatory damages or
any relief in any amount on any count in Plaintiff's Complaint; and

h.      Defendants deny that Plaintiff is entitled to any legal or equitable
relief, injunctive relief or any relief in any amount on any count in
Plaintiff's Complaint.

## JURY TRIAL DEMAND

Defendants admit that Plaintiff demands a trial by jury.

To the extent that Defendants have failed to specifically answer any

allegation in Plaintiff's Complaint to which a response is required, such allegation

is hereby expressly denied.  Defendants further deny all matters upon which

Defendants presently lack sufficient information upon which to form a belief as to

the truth of said allegations.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

To the extent Plaintiff failed to exhaust any required administrative remedies

and/or failed to comply with the procedural prerequisites prior to bringing his

claims, the Court lacks subject matter jurisdiction over such claims or such claims

are otherwise barred.

### SECOND DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to the

applicable statute of limitations, Plaintiff's claims are time-barred.

### THIRD DEFENSE

Defendants aver that even if some impermissible motive were a factor in any

employment decision concerning Plaintiff, a claim that Defendants expressly deny,

the same decision(s) would have been reached for legitimate business reasons.

### FOURTH DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, his

recovery, if any, must be reduced accordingly.

## FIFTH DEFENSE

Plaintiff is not entitled to punitive damages.

## SIXTH DEFENSE

To the extent that punitive damages are recoverable, Plaintiff is not entitled to punitive damages because neither Defendants nor any of DS Waters' officers, directors, or managing agents engaged in any conduct, with malice or reckless disregard for Plaintiff's protected rights.

## SEVENTH DEFENSE

To the extent that punitive damages are recoverable, Plaintiff is not entitled to punitive damages because Defendants made good faith efforts to comply with all applicable anti-discrimination laws.

## EIGHTH DEFENSE

Plaintiff is not entitled to liquidated damages because neither Defendants nor any of DS Waters' officers, directors, or managing agents engaged in any conduct, with malice or reckless disregard for Plaintiff's protected rights.

## NINTH DEFENSE

Plaintiff is not entitled to liquidated damages because Defendants made good faith efforts to comply with all applicable anti-discrimination laws.

## TENTH DEFENSE

Defendants' actions with respect to Plaintiff were at all times undertaken in good faith, were reasonable, and did not constitute unlawful conduct.

## ELEVENTH DEFENSE

Any employment actions taken by Defendants with respect to Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory factors.

## TWELFTH DEFENSE

To the extent that Plaintiff alleges that any of Defendants' employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendants, and was undertaken without the knowledge or consent of Defendants. Thus, Defendants are not liable for any such conduct, if it occurred.

## THIRTEENTH DEFENSE

Plaintiff's claim are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

## FOURTEENTH DEFENSE

Defendants reserve the right to assert any additional defenses depending on any evidence discovered in pursuit of this litigation.

**WHEREFORE, Defendants request judgment in their favor as follows:**

A.     that Plaintiff's Complaint be dismissed in its entirety with prejudice, with Plaintiff to take nothing thereby;

B.     that Defendants be awarded their costs incurred herein;

C.     that Defendants be awarded their reasonable attorneys' fees incurred herein to the full extent permitted by law; and

D.     that Defendants be awarded any other further relief that the Court deems just and proper.

Respectfully submitted this 11th day of September, 2008

By: s/ John F. Meyers_____

John F. Meyers
Fla. Bar No. 0026566
jmeyers@seyfarth.com
SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street, N.E.
Suite 700
Atlanta, GA 30309-2401
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Counsel for Defendants,
DS Waters of America, Inc. and
Eric Van Cleef

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

James Foster, an individual

      Plaintiff,

v.                            Case No. 8:08-cv-1159-T-26EAJ

Eric Van Cleef, an individual, and DS
Waters of America, Inc., a Delaware
Corporation, d/b/a Crystal Springs
Waters, Inc.,

      Defendants.
_____ /

## CERTIFICATE OF SERVICE

      I certify that on September 11, 2008, I served a true and correct copy of the

foregoing **DEFENDANTS' ANSWER AND ADDITIONAL DEFENSES TO**

**PLAINTIFF'S COMPLAINT** using the CM/ECF system which will

automatically send e-mail notification of such filing to the following attorney of

record:

                    Joseph A. Yolofsky, P.A.
                    1430 Brickell Bay Drive #107
                    Miami, Florida 33131-2398


                    s/ John F. Meyers_____
                    Attorney for Defendants